**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING MOTION** |
| | ) | **TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | Case No. 3:83-cr-00016 |
| Scott William Faul, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Scott William Faul's motion to reduce sentence filed on December 7, 2020. Doc. No. 2. The Government responded in opposition to the motion on January 4, 2021. Doc. No. 6. Faul filed a reply on March 12, 2021. Doc. No. 11-1.[1] Faul seeks a reduction in his sentence to time served based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A). For the reasons below, the motion is dismissed for lack of jurisdiction.

I. **BACKGROUND**

On February 13, 1983, Faul and two of his confederates engaged in a shootout with law enforcement near Medina, North Dakota. The skirmish resulted in the deaths of United States Marshal Kenneth Muir and Deputy United States Marshal Robert Cheshire. On May 28, 1983, a jury convicted Faul of two counts of second-degree murder and a host of related charges. Doc. No. 185. Judge Paul Benson sentenced Faul to concurrent life sentences for the murder convictions and a combined 15 years of consecutive sentences for the remaining offenses. Doc. No. 221. The Eighth Circuit Court of Appeals affirmed the convictions. United States v. Faul, 748 F.2d 1204

---

[1] Faul contemporaneously moved for an extension of time to finish typing the currently handwritten portions of his reply brief. Doc. No. 11. The handwriting is sufficiently legible, and the Court thoroughly reviewed the submission. The motion for extension of time is **DENIED**. The Clerk of Court is directed to refile Faul's proposed brief and accompanying attachment (Doc. Nos. 11-1, 11-2) as his reply to the Government's response.

(8th Cir. 1984).  The United States Supreme Court denied an ensuing petition for writ of certiorari.

Faul v. United States, 472 U.S. 1027 (1985).  Since then, Faul has repeatedly pursued post-

conviction litigation, including at least five attempts to obtain habeas corpus relief.  See United

States v. Faul, Case No. 3:83-cr-16, 2007 WL 1847371, at *1-2, *9 (D.N.D. June 25, 2007)

(recounting procedural history of two initial 28 U.S.C. § 2255 motions and denying a third); Faul

v. Hobart, No. 05 C 385 S, 2005 WL 2100976, at *1 (W.D. Wis. Aug. 30, 2005) (rejecting petition

under 28 U.S.C. § 2241 for failure to demonstrate inadequacy of prior § 2255 motions); Faul v.

Wilson, Case No. 15-CV-1541 (PJS/TNL), 2016 WL 54195, at *3 (D. Minn. Jan. 5, 2016)

(dismissing § 2241 petition for lack of jurisdiction).

The Bureau of Prisons ("BOP") placed Faul at FCI Sandstone in Minnesota.  Inmate

Locator, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Mar. 15, 2021).  He

is now 67 years old.  Faul complains of unspecified breathing problems, but medical records

indicate that he is otherwise healthy.  Doc. No. 7-1.  He tested positive for COVID-19 on December

11, 2020 and exhibited mild symptoms for several days, eventually making a full recovery.  Doc.

Nos. 7-2, 7-3.  Faul submitted a request for compassionate release under 18 U.S.C. § 3582(c)(1)(A)

to the warden at FCI Sandstone on August 10, 2020.  Doc. No. 6-2.  The warden denied the request

two weeks later.  Doc. No. 6-3.

## II.    DISCUSSION

Because sentences are final judgments, a court may not modify a previously imposed term

of imprisonment unless authorized by statute.  Freeman v. United States, 564 U.S. 522, 526 (2011).

Faul invokes 18 U.S.C. § 3582(c)(1)(A), which allows a district court to reduce a defendant's

sentence for extraordinary and compelling reasons.  A reduction must also comport with the

2

sentencing factors articulated in 18 U.S.C. § 3553(a), as well as any applicable policy statements promulgated by the United States Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A).

Faul attempts to advance two distinct extraordinary and compelling reasons for a sentence reduction.  First, he points to his potential increased risk of serious illness from COVID-19 while incarcerated due to his age and breathing problems.  Second, he assails his imprisonment as unlawful because of judicial and prosecutorial bias and insufficient evidence to sustain his second-degree murder convictions.  The Court addresses each in turn.

### A.    Age and Health

Faul asserts that his age and breathing problems, combined with the conditions of his incarceration, create an increased risk of serious illness from COVID-19.  As an initial roadblock, the Government counters that 18 U.S.C. § 3582(c)(1)(A) is entirely inapplicable to Faul's offenses, rendering compassionate release unavailable absent a motion from the BOP.  The Court agrees.

When Faul's offenses occurred in February 1983, the authority for compassionate release derived from 18 U.S.C. § 4205(g).  That statute narrowly states, "At any time upon motion of the Bureau of Prisons, the court may reduce any minimum term to the time the defendant has served." 18 U.S.C. § 4205(g).  Congress later replaced § 4205(g) with § 3582(c)(1)(A) as part of the Sentencing Reform Act of 1984 ("SRA"), Pub. L. No. 98-473, § 227, 98 Stat. 1837, 1998 (1984). The SRA took effect on November 1, 1987.  See Sentencing Reform Amendments Act of 1985, Pub. L. No. 99-217, § 4, 99 Stat. 1728 (1985) (amending effective date from 24 to 36 months following the date of enactment).

Just like § 4205(g), the SRA originally empowered only the BOP to bring a compassionate release motion on a defendant's behalf.  See SRA, § 227, 98 Stat. at 1998.  But then Congress enacted the First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The FSA

amended § 3582(c)(1)(A) to additionally enable district courts to grant compassionate release upon a defendant's motion, subject to certain administrative exhaustion requirements.  FSA, § 603(b), 132 Stat. at 5239.

Yet this new avenue for relief offers Faul no help.  Congress made clear that the SRA "shall apply only to offenses committed after the taking effect of this chapter."  Sentencing Act of 1987, Pub. L. No. 100-182, § 2(a), 101 Stat. 1266 (1987).  BOP regulations crystalize the cutoff for compassionate release: "18 U.S.C. 4205(g) was repealed effective November 1, 1987, but remains the controlling law for inmates whose offenses occurred prior to that date.  For inmates whose offenses occurred on or after November 1, 1987, the applicable statute is 18 U.S.C. 3582(c)(1)(A)."  28 C.F.R. § 572.40.  Courts uniformly reject the notion that the FSA altered the prevailing "two-track regime."  United States v. Matta-Ballesteros, --- F. App'x ----, 2021 WL 531549, at *1 (9th Cir. Feb. 12, 2021) (unpublished); accord Wade v. Warden Fairton FCI, 773 F. App'x 106, 107 n.3 (3d Cir. 2019) (unpublished); United States v. Whitmore, Case No. 00-cr-00194-EMC-1, 2020 WL 4226515, at *2-7 (N.D. Cal. July 23, 2020); United States v. Rios, 70-cr-592 (BMC), 2020 WL 2522069, at *2 (E.D.N.Y. May 18, 2020); United States v. Rivera, No. 86 Cr. 1124 (JFK), 2020 WL 2094094, at *3-4 (S.D.N.Y. May 1, 2020); United States v. Woolum, CRIMINAL ACTION NO. 5:84-CR-21-TBR; 2020 WL 1963787, at *2 (W.D. Ky. Apr. 23, 2020); United States v. Erwin, No. 3:84-cr-168-N (BT), 2020 WL 3442053, at *1 (N.D. Tex. Mar. 9, 2020); United States v. Scarbrough, CAUSE NO.: 1:73-CR-32-HAB, 2019 WL 2482710, at *2 (N.D. Ind. June 14, 2019).

Faul committed his crimes more than four years before the SRA took effect.  As a result, 18 U.S.C. § 4205(g) supplies the exclusive mechanism for compassionate release.  The statute

unequivocally dictates that only the BOP may move for compassionate release on Faul's behalf. Because the BOP did not do so here, the Court lacks jurisdiction to consider the motion.

### B.    Bias and Insufficient Evidence

In a separate vein, Faul lodges allegations of judicial and prosecutorial bias and insufficient evidence to support his second-degree murder convictions.  Though couched as arguments for compassionate release, these contentions in reality attack the legal validity of his convictions and sentence.  Such claims strike at "the heart of habeas corpus."  McCarthy v. Bronson, 500 U.S. 136, 141 (1991) (citation omitted).  Thus, the Court construes Faul's bias and insufficient evidence claims as seeking relief under 28 U.S.C. § 2255.[2]  See United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020) (partially recharacterizing compassionate release motion that attacked legal basis for defendant's sentence as § 2255 petition).

To that end, the Court has reviewed the motion as required by Rule 4(b) of the Rules Governing Section 2255 Proceedings.  This is well beyond the second § 2255 motion Faul has filed.  And the motion is clearly successive because it attacks the same judgment on the same grounds as Faul's previously rejected habeas petitions.  See Runck v. United States, 762 F. Supp. 1351, 1352 (D.N.D. 1991) ("To raise the same claims repeatedly constitutes an abuse of the writ."). Before a second or successive § 2255 motion may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the motion.  See 28 U.S.C. §§ 2244(3), 2255(h); United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005).  If a federal inmate submits such a motion without the necessary authorization, the

---

[2] Because the motion is second or successive, the Court need not employ the procedure outlined in Castro v. United States, 540 U.S. 375 (2003), before reclassification.

district court may either dismiss the motion or transfer it to the court of appeals.  Id.  In the exercise

of its discretion, the Court concludes that dismissal is warranted.

III.    **CONCLUSION**

      The Court has reviewed the record, the parties' filings, and the relevant legal authority.

For the reasons above, Faul's motion to reduce sentence (Doc. No. 2) is **DISMISSED** for lack of

jurisdiction.  To the extent Faul seeks relief under 28 U.S.C. § 2255, the Court certifies that an

appeal from the denial of the motion may not be taken in forma pauperis because such an appeal

would be frivolous and cannot be taken in good faith.  Coppedge v. United States, 369 U.S. 438,

444-45 (1962).  Based upon the entire record, dismissal of the § 2255 motion is not debatable,

reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.

Therefore, the Court will not issue a certificate of appealability.  Barefoot v. Estelle, 463 U.S. 880,

893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997).  If Faul desires further

review of his § 2255 motion, he may request a certificate of appealability from a circuit judge of

the Eighth Circuit Court of Appeals.

      **IT IS SO ORDERED**.

      Dated this 15th day of March, 2021.

                    */s/ Peter D. Welte*
                    Peter D. Welte, Chief Judge
                    United States District Court